**Corey K. MOBLEY, Petitioner,**

v.

**Daniel A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent.**

**No. CV 01–6301(ADS).**

United States District Court, E.D. New York.

Dec. 21, 2002.

James C. Neville, Esq., Smithtown, NY, for the Petitioner.

Dennis Dillon, District Attorney, Nassau County, by John F. McGlynn, Assistant District Attorney, Mineola, NY, for the Respondent.

## ORDER

SPATT, District Judge.

On September 19, 2001, Corey K. Mobley ("Mobley" or the "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of two counts of robbery in the first degree and two counts of robbery in the second degree on July 26, 1995. His petition raises two claims: (1) the trial court failed to grant the defense's challenges for cause of prospective jurors who showed partiality and bias against the petitioner and an inability to render a fair verdict based upon the evidence; and (2) the prosecution failed to prove the petitioner's guilt of an alleged robbery beyond a reasonable doubt. Presently before the Court is the petitioner's motion to unseal a criminal case file of the presiding judge in his trial, Judge Paul Kowtna, in the County Court of Nassau County.

The petitioner states that in May 2002, Judge Kowtna was arrested and charged with first degree assault for allegedly stabbing his wife in a domestic dispute. The petitioner contends that according to newspaper accounts of the incident, in April 2002, Judge Kowtna was found not responsible by reason of mental disease or defect. The petitioner states that the entire criminal case file for Judge Kowtna's proceedings are under seal pursuant to a judicial order in the Nassau County Court. According to the petitioner, such files are necessary to determine whether Judge Kowtna's mental disease or defect manifested during the petitioner's trial which may have resulted in unfair and erroneous rulings. As such, the petitioner argues that it is in the "interest of justice" that the petitioner be permitted to inspect and examine the entire court file of the case of *The People of the State of New York*

*against Paul E. Kowtna.* The Court finds that the petitioner's grounds for unsealing Judge Kowtna's case file are insufficient.

It is well-established that a court's inherent power to unseal records should be "exercised rarely" and only in "extraordinary circumstances." *Matter of Hynes v. Karassik,* 47 N.Y.2d 659, 664, 419 N.Y.S.2d 942, 393 N.E.2d 1015 (1979). Here, the petitioner has demonstrated neither any "extraordinary circumstances" nor compelling need entitling him to examine the sealed records. The Court finds that the petitioner's trial and Judge Kowtna's trial are remote in time given that the petitioner's trial occurred in 1995, which was approximately five years before Judge Kowtna's assault and seven years before Judge Kowtna's plea of not responsible by reason of mental illness or defect. In addition, nowhere in the record does it indicate that Judge Kowtna's behavior was bizarre, erratic, or even unusual in any way. Moreover, because that the petitioner asserts in his supplemental brief, dated February 12, 2002, that the record is "replete with examples" of erroneous rulings made by the trial court, the Court finds that there are other sources of information available to the petitioner supporting his claim that he was deprived of a fair trial. Accordingly, the Court denies the petitioner's motion to unseal Judge Kowtna's criminal case file.

Based on the foregoing, the petitioner's motion to unseal the court file of the case of *The People of The State of New York against Paul E. Kowta* is DENIED.

SO ORDERED.